OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the motion to vacate the workmen’s compensation lien denied.
We recently held in Matter of Granger v Urda (44 NY2d 91) that a workmen’s compensation carrier which has made payments for compensation and medical expenses to a claimant on a work-related injury may assert a lien against the proceeds of a judgment obtained by claimant against a third-party tort-feasor pursuant to article 18 of the Insurance Law. However since the claimant’s no-fault carrier was not a party to that proceeding, we did not reach or decide its liability to pay the claimant for amounts offset by the prior recovery of workmen’s compensation benefits. That poses no bar in this case since here the appellant also provided no-fault coverage. We therefore hold that if the workmen’s compensation carrier executes on the lien, the no-fault carrier must bear the loss because the amount recouped obviously cannot be offset as *896 "amounts recovered or recoverable * * * under * * * laws providing * * * workmen’s compensation benefits” (Insurance Law, § 671, subd 2). We do not reach the question as to the ultimate rights of recoupment among the various carriers or parties themselves, we simply decide the rights and obligations of the parties now before us (Matter of Granger v Urda, supra).
Judges Gabrielli, Wachtler, Fuchsberg and Cooke concur in memorandum; Chief Judge Breitel and Judges Jasen and Jones concur in the memorandum and emphasize that, as they did in Matter of Granger v Urda (44 NY2d 91), they refrain from comment on or adjudication of the ultimate rights among the affected parties; and that, while it appears in this case that all such parties are technically before the court, cross claims among them were not asserted or tendered for judicial consideration or determination by the courts below.
Order reversed.